# In the United States Court of Federal Claims

MELODY J. RODGERS,

              Plaintiff,

              v.

THE UNITED STATES,

              Defendant.

No. 21-cv-00793

Filed: April 30, 2021

*Melody J. Rodgers*, Jacksonville, NC, *pro se*.

*Brian M. Boynton*, Acting Assistant Attorney General, *Martin F. Hockey, Jr.*, Acting Director, Robert *E. Kirschman, Jr.*, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, District of Columbia, for defendant.

## **ORDER**

Plaintiff Melody J. Rodgers, appearing *pro se* and purporting to represent a class, claims that the United States—through the Department of Health and Human Services, judges, court officials, social workers, police officers, attorneys, adoptions agencies, "CASA Volunteers," counties and their agencies—is liable for a myriad of tortious, criminal, and Constitutional violations based on alleged abuses that have occurred in this country's foster care system. Complaint (ECF No. 1) (Compl.) at 1, 2.[1]

---

[1] The Court will refer to the CM/ECF generated page numbers in its citations as Plaintiff's complaint does not contain page numbers

On March 11, 2021, the Government timely filed a motion to dismiss for lack of jurisdiction pursuant to United States Court of Federal Claims Rule (Rule or RCFC) 12(b)(1).  *See* Defendant's Motion to Dismiss (ECF No. 11) (Def. Mot.) at 1.

In conjunction with her complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis*.  *See* Application to Proceed *In Forma Pauperis* (ECF No. 2).  Additionally, Plaintiff has filed both a motion to amend her pleadings and a motion for sanctions.  *See* "Plaintiffs' Motion for Leave to File Amended Complaint" (ECF No. 15); "Plaintiffs' Motion for Sanction Defendant [sic] for Failure to Comply with Federal Rules of Civil Procedure" (ECF No. 16).

This Court has considered each of the parties' filings and arguments.  For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**; Defendant's motion to dismiss is **GRANTED**; Plaintiff's motion to amend her pleadings is **DENIED**; and Plaintiff's motion for sanctions is **DENIED**.

## APPLICABLE LEGAL STANDARD

United States Court of Federal Claims Rules 12(b)(1) and 12(h)(3) require this Court to dismiss complaints that do not fall within its subject-matter jurisdiction.  When considering a motion to dismiss based upon lack of subject-matter jurisdiction, this Court accepts as true all uncontroverted, factual allegations made by the non-movant and draws all reasonable inferences in the light most favorable to that party.  *See Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002).  "If a motion to dismiss for lack of subject-matter jurisdiction, however, challenges the truth of the jurisdictional facts alleged in the complaint, [this Court] may consider relevant evidence to resolve the factual dispute."  *Reynolds v. Army & Airforce Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988)

(citations omitted); *see also Banks v. United States*, 741 F.3d 1268, 1277 (Fed. Cir. 2014).  This Court must liberally construe the filings of *pro se* plaintiffs, such as Ms. Rodgers.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, a *pro se* plaintiff still has the burden of establishing this Court's jurisdiction by a preponderance of the evidence.  *Reynolds*, 846 F.2d at 748; *Curry v. United States*, 787 F. App'x 720, 722 (2019) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002); *Kelley v. Sec'y U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).  As with all other litigants, this Court must have jurisdiction over claims brought by *pro se* litigants.  *See Reynolds*, 846 F.2d at 748.

The United States Court of Federal Claims is a court of limited jurisdiction.  Through enactment of the Tucker Act, which acts as a waiver of sovereign immunity, Congress has placed within this Court's jurisdiction "any claim against the United States founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1); *see United States v. Mitchell*, 463 U.S. 206, 212 (1983).  The Tucker Act is a jurisdictional statute and does not create any enforceable right against the United States on its own.  *See Mitchell*, 463 U.S. at 216; *United States v. Testan*, 424 U.S. 392, 398 (1976); *Todd v. United States*, 386 F.3d 1091, 1093-94 (Fed. Cir. 2004).

To fall within the Tucker Act's waiver of sovereign immunity, a plaintiff's claim for money damages against the United States must be based upon an express or implied contract, or a money-mandating, constitutional provision, statute, or regulation.  *See* 28 § U.S.C. 1491(a); *Mitchell*, 463 U.S. at 216-18.  Specifically, a plaintiff "must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government . . . .'"  *Mitchell*, 463 U.S. at 216 (quoting *Testan*, 424 U.S. at 400 (citation omitted)).

DISCUSSION

I.      Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*

On January 21, 2021, Plaintiff filed a motion for leave to proceed *in forma pauperis* in this matter, pursuant to 28 U.S.C. § 1915.  In support of her motion, Plaintiff submitted documentation satisfying the statute's requirements.  Accordingly, this Court grants Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) in this matter.

II.     Defendant's Motion to Dismiss

Plaintiff's allegations are numerous and somewhat difficult to follow.  Even viewing each allegation in the light most favorable to Plaintiff, and affording her leniency as a *pro se* litigant, this Court finds that it lacks jurisdiction over Plaintiff's claims.

First, Plaintiff alleges that this Court has jurisdiction over her claims under 28 U.S.C. § 1331 (Federal Question Jurisdiction), 28 U.S.C. § 1332 (Diversity Jurisdiction), and 28 U.S.C. § 1711-1715 (Class Action Fairness Act (CAFA)).  Compl. at 3; *see also* "Plaintiff's Motion to Deny Defendant's Dismiss Complaint [sic]" (ECF No. 13) (Pl. Resp.) at 7.  However, it is well-established that none of these statutes confers jurisdiction on this Court.  Section 1331 only confers federal question jurisdiction on district courts.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  Similarly, Section 1332 confers diversity jurisdiction exclusively on district courts.  28 U.S.C. § 1332(d)(2) ("The district courts shall have original jurisdiction of any civil action . . . .").  As the United States Court of Federal Claims is not a district court, Plaintiff's claims based upon Sections 1331 and 1332 fail as a matter of law to establish jurisdiction in this Court. *Jiron v. United States*, 118 Fed. Cl. 190, 202 (2014) ("The United States Court of Federal Claims

4

is not a district court, and since Section 1331 is limited to district courts, it does not apply to this case." (internal quotations and citations omitted)); *Curry v.*, 787 Fed. App'x at 722 ("[This Court] lacks jurisdiction to adjudicate civil actions under 28 U.S.C. § 1332, which confers original jurisdiction to district courts."). Similarly, Plaintiff has not cited to any provision in CAFA that would expand this Court's jurisdiction beyond the Tucker Act. In her response, Plaintiff argues that "[CAFA] confers jurisdiction on federal courts over certain class actions in which any defendant and any class member are citizens of different states." Pl. Resp. at 7. But again, this Court does not have jurisdiction over diversity actions under 28 U.S.C. § 1332. *Curry*, 787 Fed. App'x at 722. Thus, Plaintiff cannot establish jurisdiction in this Court pursuant to Section 1331, Section 1332, or CAFA.

Second, to the extent Plaintiff seeks to bring a class action suit and names herself as a class representative, she may not do so in this Court. Plaintiff argues that "[t]he Federal Court has Jurisdiction under 28 U.S.C. 1491 and [the] Class Action Fairness Act of 2005 (CAFA) which permits federal courts to preside over certain class actions in diversity jurisdiction where the class comprises at least 100 plaintiffs . . . ." Pl. Resp. at 7; *see also* Compl. at 3. However, as a matter of law, Plaintiff, appearing *pro se*, may only represent herself. RCFC 83.1(a)(3); *see also Green v. United States*, No. 15-988, 2015 WL 8529463, at *2 (Fed. Cl. Dec. 11, 2015) (finding *pro se* plaintiff cannot represent a class). Thus, Plaintiff's attempts to bring this suit as a class action also must fail under RCFC 83.1(a)(3). Simply put, Plaintiff cannot establish jurisdiction in this Court pursuant to Section 1331, Section 1332, or CAFA.

Third, Ms. Rodgers raises claims against a varied list of unnamed government officials and judges at both the state and federal levels. Compl. at 1-2, 5. She also raises claims against private individuals and institutions who, she alleges, are involved in a conspiracy to deprive parents of

their right to raise their children. *Id.* at 1-2, 5; *see also* Pl. Resp. at 4 (listing an "extensive network of individual judges, lawyers, police officers, social worker[s], and agents [who] are too numerous to name; moreover, they are acting as agents of the principal (U.S.) who is ultimately responsible for their actions and failures while carrying out the tasks they are contracted to perform."). To the extent Plaintiff seeks to sue parties other than the United States, it is well-established that she may not do so in this Court. *See Lawton v. United States*, 621 Fed. App'x 671, 672 (2015) (quoting *United States v. Sherwood*, 312 U.S. 584, 588 (1941)).

Fourth, Ms. Rodgers makes several claims sounding in tort. Specifically, she alleges, *inter alia*, that the purported defendants are liable for (1) false arrest, (2) trespass to land, (3) stalking, (4) harassment, (5) false light, (6) corruption, and (7) slander. Compl. at 1-2, 5-6. Further, Plaintiff alleges that the federal government is liable for vaccinating children without parental consent and "intentionally harm[ing children] for financial gain." Compl. at 2. Plaintiff alleges that the Administration for Children and Families (ACF), under the authority of the United States Department of Health and Human Services, is liable for intentional infliction of emotional distress due to its actions in separating parents from their children. Compl. at 2. Plaintiff accuses ACF of "reckless disregard of federal protocols and Welfare Institution Codes. . . ." Compl. at 1.

In her response, Plaintiff attempts to recharacterize these tort claims as contract claims, but her attempts are insufficient to supply this Court with jurisdiction. *See* Pl. Resp. at 8-9. In deciding jurisdiction, this Court must look at "the true nature of the action," and cannot accept "the mere recitation of a basis for jurisdiction by either party . . . ." *Livingston v. Derwinski*, 959 F.2d 224, 225 (Fed. Cir. 1992) (citations omitted). The "true nature" of Plaintiff's claims sound in tort, not contract. Plaintiff argues that Defendant somehow entered into "illusory contracts" with citizens and then breached those contracts by committing torts. *Id.* at 5. However, Plaintiff does not plead

any requirements for an implied in fact or an express contract.  *See City of El Centro v. United States*, 922 F.2d 816, 820 (Fed. Cir. 1990) (stating that an implied-in-fact contract requires mutuality of intent, consideration, and lack of ambiguity in offer and acceptance, as well as authority of the Government agent if the contract is made with the United States); *see also Trauma Service Group v. United States*, 104 F.3d 1321, 1325 ("The general requirements for a binding contract with the United States are identical for both express and implied contracts.").  Instead, Plaintiff bases her implied contract claim on an alleged "duty of care" arising under the Child Abuse Prevention and Treatment Act (CAPTA) (P.L. 93-247) and the Keeping Children and Families Safe Act of 2003 (P.L. 108-36). Pl. Resp. at 8-9.  Specifically, she alleges that Defendant has violated an alleged contractual duty created by CAPTA through its alleged "negligence and frauds with the state and fraud upon the court by nullifying, concealing or removing evidences [sic] and hiding facts from the court through lies in order to separate the children from their families." Pl. Resp. at 9.  Plaintiff's reference to "negligence and fraud[]" clearly demonstrates that her allegations arise squarely under tort or criminal law rather than under any contractual duty. *See Waller v. United States*, 767 Fed. App'x 989, 990 (Fed. Cir. 2019) ("Negligence is a tort, and torts are explicitly excluded from the CFC's jurisdiction."); *Carter v. United States*, No. 2020-1452, 2020 WL 8474618 at *1 (Fed. Cir. Apr. 30, 2020) (holding that fraud is a claim "sound[ing] in tort or criminal conduct, and [is] thus outside the Claims Court's limited jurisdiction").  The Tucker Act expressly excludes from its purview claims "sounding in tort."  28 U.S.C. § 1491(a)(1); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008).  Accordingly, this Court lacks jurisdiction to hear Plaintiff's tort claims.

Fifth, Plaintiff alleges that the purported defendants violated the criminal code.  Compl. at 2-3, 5-7.  Specifically, Plaintiff alleges, *inter alia*, that the named Defendants violated 18 U.S.C.

§§ 1961-1968 (RICO), 18 U.S.C. § 201(b)-(c) (bribery of public officials), 18 U.S.C. § 371 (conspiracy to commit offense or defraud the United States), and 18 U.S.C. § 1506 (theft or alteration of record or process).  Compl. at 2-3, 5-7.  Again, in her response, Plaintiff attempts to recharacterize her criminal allegations as contract claims.  *See* Pl. Resp. at 8-9.  However, as explained above, Plaintiff's threadbare allusions to an implied contract are insufficient to establish jurisdiction under the Tucker Act.  And it is well-established that this Court does not possess jurisdiction to adjudicate claims under the federal criminal code.  *See Johnson v. United States*, 135 Fed. Cl. 565, 572 n.3 (2017).  Therefore, Plaintiff's claims arising from alleged criminal conduct must be dismissed for lack of jurisdiction.

Sixth, Plaintiff alleges that the named defendants committed several violations of the United States Constitution's Due Process Clause.  Compl. at 1-3, 5-7.  Plaintiff accuses "[j]uvenile dependency judges and court officials" of violating the right to procedural due process via committing malicious prosecution, discovery abuse, perjury, and abuse of process, as well as by falsifying documents and altering records and transcripts.  Compl. at 1-2, 5-7.  Plaintiff also alleges that these acts violated parents' Constitutional rights to raise their children.  Compl. at 2, 5-7.  However, such Constitutional claims are not money mandating.  *See Roberson v. United States*, 115 Fed. Cl. 234, 240 (2014) (holding that a cause of action must be made pursuant to a money mandating provision to establish Tucker Act jurisdiction).  Neither the First Amendment nor the Fifth and Fourteenth Amendment's Due Process Clauses mandate the payment of monetary damages.  *See United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (holding that the First Amendment is not a money-mandating provision); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (holding that neither Due Process Clause is a money-mandating provision).  Accordingly, this Court lacks jurisdiction to hear Plaintiff's Constitutional claims.

Finally, this Court also lacks authority to issue the relief Plaintiff seeks.  Plaintiff requests the following as relief:

1.  [Omitted because it did not state a claim for relief.]

2.  WHEREFORE, Plaintiffs and each member of the Class pray that the Court order  the defendant to take prompt initiatives to protect our children and help parents and children to reunite with their families by releasing them from the oppressive court orders detaining their children.

3.   Grant [a] trial by jury on all issues so triable.

4.  Grant such further relief as the parties may fashion by way of compensatory, special, statutory and punitive damages and any remedy the court may deem just and proper.

5.  Freeze the assets of implicated as stated in President Trump's Executive Order Blocking the Property of Persons Involved in Serious Human Rights Abuse or Corruption[.]

6.  Enforce [t]he Executive Order on Strengthening Foster Care for America's Children which states [:]

'The third reform would improve federal oversight over key statutory child welfare requirements. To accomplish this, the EO requires the Title IV-E Reviews and the Child and Family Services Reviews to strengthen the assessments of these critical requirements and directs HHS to provide guidance to states regarding flexibility in the use of federal funds to support and encourage high-quality legal representation for parents and children.'

Compl. at 7 (emphasis removed).

This Court's ability to grant equitable relief under the Tucker Act is limited.  *See* 28 U.S.C. § 1491(a)(2) & (b)(2); *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 313 (2011) (citing *United States v. King*, 395 U.S. 1, 2-3 (1969)); *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998) ("equitable relief must be 'an incident of and collateral to' a money judgment").  As established above, Plaintiff has not made a claim pursuant to any money-mandating source.  The equitable relief Plaintiff requests is plainly not incidental of and collateral to money damages.  This Court also lacks the ability to grant Plaintiff's request for a trial by jury.  *See Rohland v. United*

*States*, 135 Fed. Cl. 36, 38 (2017) (citing *inter alia Sherwood*, 312 U.S. at 587).  Accordingly, this Court does not have jurisdiction over the relief sought by Plaintiff.


III.    Plaintiff's Motion to Amend Pleadings

On April 23, 2021, Plaintiff filed a motion to amend her complaint.  *See generally* "Plaintiffs' Motion for Leave to File Amended Complaint" (ECF No. 15).  In her motion to amend, Plaintiff states she wants to add "additional complainants" and to attach "sub contracts [sic] [and] Affidavits from participants."  *Id.* at 3.  She states that "[t]he proposed amended complaint does not change the nature of the relief requested."  *Id.* at 4.  On April 29, 2021, Defendant filed its response to Plaintiff's motion to amend.  *See* Defendant's Opposition to Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 17).  In its response, Defendant argues that Plaintiff's proposed amendments do not cure the jurisdictional deficiencies in Plaintiff's complaint.  *Id.* at 1. This Court agrees with Defendant.  As explained above, this Court does not have jurisdiction over Plaintiff's claims; therefore, because her amendments will not amend her underlying claims or relief requested, her amendment is denied as futile.  *See Auld v. United States*, No. 15-429, 2020 WL 4199964 at *9 (Fed. Cl. July 16, 2020) (holding plaintiff's amended complaint futile where court lacked jurisdiction); *see also* 6 Wright, Miller & Kane, Federal Practice & Procedure § 1487 (3d ed.) (motion to amend should be denied as futile where the affirmative defense "is legally insufficient on its face").


IV.    Plaintiff's Motion for Sanctions

On April 29, 2021, Plaintiff filed a motion for sanctions against Defendant.  *See generally* "Plaintiffs' Motion for Sanction Defendant [sic] for Failure to Comply with Federal Rules of Civil

Procedure" (ECF No. 16).  In her motion, Plaintiff argues that sanctions are warranted against Defendant because Defendant allegedly failed to serve its motion to dismiss on Plaintiff.  *Id.* at 3.  However, on February 4, 2021, Plaintiff filed an "e-notification consent form" with the Court averring that she consented to service by email.  *See* ECF No. 6.  On March 11, 2021, Defendant electronically filed its motion to dismiss on the Court's Electronic Court Filing (ECF) system, which triggered and automatic, electronic notification to all parties.  Pursuant to Appendix E of the Rules of this Court, that notification satisfied the service requirement.  *See* RCFC App'x E V.12(b) (allowing the ECF notification to satisfy the service requirement of Rule 5 and proof of service requirement of Rule 5.3).  Plaintiff's timely response to Defendant's motion to dismiss also clearly indicates that Plaintiff received Defendant's Motion.  *See generally* Pl. Resp.  Therefore, Plaintiff's motion for sanctions is denied.

<u>CONCLUSION</u>

For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**; Defendant's motion to dismiss (ECF No. 11) is **GRANTED** and Plaintiff's complaint (ECF No. 1) is **DISMISSED**; Plaintiff's motion to amend pleadings (ECF No. 15) is **DENIED**; and Plaintiff's motion for sanctions (ECF No. 16) is **DENIED**.  Because this Court finds that Plaintiff cannot plead any facts that would plausibly state a claim for relief, this Court dismisses the action against Defendant without leave to replead.

This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962); *Harrison v. United*

*States*, No. 2020-1765, 2020 WL 6482121 (Fed. Cir. July 21, 2020) (per curiam).  The Clerk of

Court is **DIRECTED** to enter judgment accordingly.


IT IS SO ORDERED.




 s/Eleni M. Roumel
ELENI M. ROUMEL
Judge

Dated: April 30, 2021
Washington, D.C.